## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ERIC MONZO AND                :
DANA SPRING MONZO,          :     C.A. No. K18C-11-003 NEP
                                 :     In and for Kent County
          Plaintiffs,            :
                                   :
              v.                      :
                                   :
NATIONWIDE PROPERTY &       :
CASUALTY INSURANCE CO.,      :
                                   :
          Defendant.           :

Submitted:  April 13, 2020
Decided:  May 13, 2020

## ORDER

Plaintiffs Eric Monzo and Dana Spring Monzo (hereinafter "Plaintiffs") have timely moved pursuant to Superior Court Civil Rules 59(d) and (e) to alter or amend, and reargue, this Court's March 18, 2020, Memorandum Opinion and Order (hereinafter the "Order"), which granted summary judgment in favor of Defendant Nationwide Property and Casualty Insurance Company (hereinafter "Nationwide").[1] For the following reasons, Plaintiffs' Motion is **DENIED**.

In 2017, Nationwide issued a homeowner's insurance policy (hereinafter the "Policy") to Plaintiffs, extending coverage from June 30, 2017, through June 30, 2018.  The Policy provided potential coverage for "other structures on the residence premises," including a pedestrian bridge and a retaining wall.[2]  The Policy also contained several exclusions from coverage.[3]  On July 23, 2017, a storm hit northern

---

[1] *Monzo v. Nationwide*, 2020 WL 1317276 (Del. Super. Mar. 18, 2020).
[2] *See* Policy, Section I – Property coverages, p. B1, Coverage B – Other Structures (emphasis removed).
[3] Policy, Property exclusions, p. D1.

Delaware, causing damage to the bridge and the wall. After filing a claim under the Policy, Plaintiffs engaged Frederick Roland, an engineer, who investigated the causes of the damage and produced a report (hereinafter the "Report"). Subsequently, Nationwide informed Plaintiffs that it was denying their claims because the damage to the bridge and the wall was caused by factors excluded from coverage under the Policy.[4]

On November 1, 2018, Plaintiffs filed suit against Nationwide, arguing that they should receive compensation for the damage. On September 30, 2019, Nationwide moved for summary judgment. On March 18, 2020, this Court issued the Order granting summary judgment in favor of Nationwide because the factors that caused the damage were excluded under the Policy and, even if some non-excluded factors also contributed to the damage, Plaintiffs were nonetheless barred from coverage pursuant to the Policy's ACC Clause.[5] In the Order, the Court relied in part upon the Report.

In their Motion, Plaintiffs argue that the Court made prejudicial errors of law in the Order. Specifically, Plaintiffs allege that the Court prematurely granted summary judgment and relied on inadmissible hearsay in rendering its decision.

"Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[6] Moreover, the disposition of motions under Rules 59(d) and (e) is within the discretion of this Court.[7]

To succeed on a motion to alter or amend judgment pursuant to Rule 59(d), the movant must show: "'(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or to prevent

---

[4] Coverage determination letter dated Nov. 8, 2017, p. 5.

[5] "[Nationwide does] not cover loss to any property resulting directly or indirectly from any of the following. Such a loss is excluded *even if another peril or event contributed concurrently or in any sequence to cause the loss.*" Policy, Property exclusions, p. D1 (emphasis supplied).

[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).

[7] *Independence Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).

manifest injustice.'"[8] The Court may deny a Rule 59(d) motion if it raises arguments that the Court has already examined and rejected[9] or if it raises new arguments not previously raised.[10]

To succeed on a motion for reargument pursuant to Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[11] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments not previously asserted.[12] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues.'"[13] In order for the motion to be granted, the movant must show that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[14]

In summary, the standard of review for Rules 59(d) and (e) is the same. The Court must deny a Rule 59(d) or (e) motion if it raises arguments already rejected or

---

[8] *King v. McKenna*, 2015 WL 5168481, at *3 (Del. Super. Aug. 24, 2015) (quoting *Kostyshyn v. Commissioners of Town of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).

[9] *Id.* at *3, *4 (citing *Paron Capital Mgmt. v. Crombie*, 2012 WL 3206410, at *1 (Del. Ch. Aug. 2, 2012)).

[10] *See Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 971 (Fed. Cir. 2013) (reviewing petitioner's motion to alter or amend the judgment and rejecting petitioner's "newly claimed infringement allegations" because, having lost on the prior motion, petitioner could "not now initiate what would amount to a completely new infringement proceeding"). Even though this decision is from a federal court, it is nevertheless persuasive because it was based on Federal Rule of Civil Procedure Rule 59(e), which is substantially similar to Superior Court Civil Rule 59(d) (the main difference being the time limitation to file such a claim). *See also Plummer v. Sherman*, 2004 WL 63414, at *1 (Del. Super. Jan. 14, 2004) (where provision of Superior Court rule tracks provision of federal rule, "federal case law . . . can be looked to for guidance . . . .").

[11] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[12] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[13] *Id.* (citing *Plummer*, 2004 WL 63414, at *2).

[14] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

3

new arguments not previously raised, and to obtain relief under either of these Rules, the movant must demonstrate the availability of newly discovered evidence, a change in the controlling law, or that the Court made a clear error of law or its decision has resulted in manifest injustice.

In the present case, Plaintiffs allege that the Court erred because it failed to address their argument that Nationwide's Motion for Summary Judgment should be denied as premature because discovery was incomplete.[15] To the contrary, in the Order, the Court, responding to this same argument by Plaintiffs, noted that "a party may move for summary judgment 'at any time'" and concluded that it had sufficient facts upon which it could render an informed decision on Nationwide's Motion.[16] Plaintiffs' argument on this matter is the same as that raised in their brief in opposition to Nationwide's Motion for Summary Judgment and explained at oral argument, and therefore violates the requirements for a motion pursuant to Rule 59.[17]

Plaintiffs also argue that Roland did not submit an affidavit as to the cause of the damage, and therefore the Court should not have relied on the Report in rendering a decision.[18] However, Plaintiffs made the Report part of the factual record by their own choosing, and thus should have anticipated that the Court would rely on the Report, as part of the record, in reaching its decision.[19]

---

[15] Pls.' Mot. at ¶ 4.

[16] *Monzo*, 2020 WL 1317276, at *6 (citing Super. Ct. Civ. R. 56(b)).

[17] *King*, 2015 WL 5168481, at *3; *Tilghman*, 2012 WL 5551233, at *1.

[18] Plaintiffs argue that the report of Sinan Jawad, an engineer retained by Nationwide, is also objectionable because Jawad did not submit an affidavit and because his report constitutes inadmissible hearsay (see discussion *infra*). The Court, however, did not rely significantly upon Jawad's report in reaching its decision.

[19] *See* Pls.' Answering Br. on summary judgment, p. 12 (relying on the Report to establish damages allegedly incurred); Aff. of Eric J. Monzo in support of Plaintiffs' Answering Br. at ¶ 32 ("Unfortunately, the removal of this subsurface water from the Main Residence's foundation, *according to Mr. Roland*, coupled with the runoff into the gutters and exterior drains from the Main Residence through the subsurface piping in the stone drainage system and into the nearby Stream was too much for the drainage system to handle.") (emphasis supplied). *See also* Super. Ct. Civ. R. 56 (there is no requirement that movant, or responding party, attach affidavit in support of, or in opposition to, motion for summary judgment).

4

Next, the Court rejects Plaintiffs' argument, raised for the first time in their Motion, that the Report was inadmissible hearsay evidence.[20] Plaintiffs had the opportunity to raise this argument during briefing and oral argument but failed to do so.[21]

Even were this Court to consider Plaintiffs' untimely argument, however, on the basis of their contention that the Court committed a clear error of law that, if left uncorrected, would result in manifest injustice, Plaintiffs' arguments regarding hearsay are without merit because the Report is admissible under the business records exception to the rule against hearsay. The Report was submitted as an exhibit to the sworn affidavit of Melissa Barlow-Carey, a claims associate for Nationwide.[22] Nationwide established, through the affidavit, that: (1) Barlow-Carey, as a claims associate covering the case, was familiar with the Report; (2) the Report was made close to the time of the events in question by someone with knowledge of the information contained in the Report, *i.e.*, Roland; and (3) Nationwide regularly keeps a file containing such reports as part of its business practices.[23] Moreover, these conditions were not contested by Plaintiffs in their

---

[20] Pls.' Mot. at ¶ 7.

[21] *See Indivior Inc. v. Dr. Reddy's Laboratories, S.A.*, 930 F.3d 1325, 1341 (Fed. Cir. 2019) (upholding district court's decision to reject Rule 59 argument that the party "knew of yet failed to raise"); *cf. Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1350 (Fed. Cir. 2000) ("[a motion to alter or amend] is not a vehicle for reopening judgments to present information that was long possessed by the movant and that was directly relevant to the litigation.").

[22] Barlow-Carey Aff. Ex. C.

[23] *See* D.R.E. 803(6) ("The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . A memorandum, report, record or data compilation, in any form of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the memorandum, report, record or data compilation was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . . ; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.").

briefing or at oral argument.[24] Indeed, during the proceedings Plaintiffs never intimated, let alone raised the objection, that the Report was inadmissible hearsay.

Plaintiffs have failed to demonstrate the availability of newly discovered evidence, a change in the controlling law, or that the court made a clear error of law or that its decision has resulted in manifest injustice. Moreover, Plaintiffs have merely rehashed old arguments and introduced arguments not previously raised. Therefore, their motion to alter or amend, and reargue, the Order is **DENIED**.

  **IT IS SO ORDERED**.

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
   Counsel of Record
   file

---

[24] *See id.* subsection (E).